IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **RAYMOND RODRIGUEZ,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-CV-400-A |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Raymond Rodriguez, TDCJ-ID # 1013717, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is incarcerated in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. No service has issued on Respondent.

#### C. FACTUAL AND PROCEDURAL HISTORY

Rodriguez is serving a 40-year state sentence for his 2000 conviction for aggravated sexual

assault by threat in cause number 0716989D in the Criminal District Court Number Three of Tarrant County, Texas. (Petition at 2.) Rodriguez has filed a prior federal petition for writ of habeas corpus challenging the same state conviction and sentence, which was dismissed as time-barred on July 14, 2004. *Rodriguez v. Dretke*, CM/ECF, Civil Docket for Case # 4:03-CV-1353-Y.

### D. SUCCESSIVE PETITION

28 U.S.C. § 2244(b) requires dismissal of a second or successive habeas petition unless specified conditions are met. 28 U.S.C. §§ 2244(b)(1)-(2).[1] Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* §§ 2244(b)(3). The fact that an earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Anders v. Cockrell*, No. 03:02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) (not designated for publication); *Somerville v. Cockrell*, No. 3:02-CV-0380-L, 2002 WL 31441226, at *2 (N.D. Tex. Oct. 29, 2002) (not designated for publication).

From the face of Rodriguez's pleading, it is apparent that this is a successive petition, and Rodriguez has not demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). This court is, therefore, without

---

[1] Specifically, 28 U.S.C. § 2244(b) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless–

 (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

 (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
 (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

jurisdiction to consider the petition. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker*, 187 F.3d at 681-82. Rodriguez must first seek an order authorizing this court to consider his claim from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3).

## II. RECOMMENDATION

Rodriguez's petition should be dismissed without prejudice to his right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit under 28 U.S.C. §2244(b)(3).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 3, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 3, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July  13 , 2007.

       /s/ Charles Bleil
       CHARLES BLEIL
       UNITED STATES MAGISTRATE JUDGE